# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **A.K. and E.H.**

**No. 20-0424** (Monongalia County 19-JA-238 and 19-JA-240)

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother B.K., by counsel Kristen D. Antolini, appeals the Circuit Court of Monongalia County's May 1, 2020, order terminating her parental rights to A.K., and E.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Chaelyn W. Casteel, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Frances C. Whiteman, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her request for an improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the filing of the instant petition, the DHHR filed an abuse and neglect petition against petitioner and the father of E.H. alleging that he was operating a mobile methamphetamine laboratory. Petitioner and the father of E.H. admitted to methamphetamine usage and completed improvement periods, and the children were returned to their custody in 2018. The DHHR filed the instant child abuse and neglect petition against petitioner and the father of E.H. in December of 2019 alleging substance abuse that affected their abilities to parent E.H. and her half-sibling, petitioner's child A.K., failure to provide a safe and suitable home, and a history of domestic violence. At the preliminary hearing, a Child Protective Services ("CPS") caseworker testified

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

regarding the allegations in the current petition, as well as the 2018 proceedings. After testimony from several witnesses, the circuit court found probable cause for the children's removal.

In January of 2020, the circuit court held an adjudicatory hearing. Petitioner did not appear until mid-way through the hearing but was represented by counsel. A DHHR caseworker testified to the allegations in the petition, including that petitioner and E.H.'s father admitted to substance abuse and that there were items in the home consistent with substance abuse. The caseworker also testified that since the preliminary hearing, petitioner and the father failed to attend a multidisciplinary team meeting ("MDT"). The caseworker further indicated that the parents missed a Christmas phone call with the children, failed to participate in drug screens, and did not stay in contact with the DHHR. At the conclusion of the DHHR's case-in-chief, petitioner consulted with counsel and chose not to testify or present any witnesses on her behalf. The circuit court adjudicated petitioner as an abusing and neglecting parent, ordered her to submit to a drug test after the hearing, and ordered that she participate in future drug screens and MDT meetings. After the hearing, petitioner tested positive for amphetamine, methamphetamine, buprenorphine, and norbuprenorphine. She also filed a written motion for a post-adjudicatory improvement period.

The circuit court held an initial dispositional hearing in February of 2020. Petitioner did not appear at the hearing but was represented by counsel. Petitioner's counsel requested that the circuit court hold the motion for an improvement period in abeyance. The DHHR presented evidence that petitioner tested positive for multiple controlled substances at a drug screen on January 17, 2020, and stopped attending screens after that. Additionally, petitioner's counsel admitted that petitioner failed to maintain contact with her and was not answering letters or phone calls, stating that she was "in the depths of addiction." The circuit court opined that it did not "appear that the biological parents have any interest. They [are] so far addicted that they do [not] know what to do with the children." The DHHR and guardian requested that the case be set for final disposition due to petitioner's lack of compliance with drug screening.

The next month, the circuit court held a final dispositional hearing. Prior to the hearing, petitioner participated in a drug screen where she tested positive for multiple substances. The circuit court heard testimony on petitioner's motion for an improvement period while the DHHR and guardian moved for the termination of petitioner's parental rights. A CPS caseworker testified that since February of 2020 she had only spoken with petitioner on one occasion, when petitioner asked to speak with the children on the phone. The caseworker testified that the children's foster parents had attempted to call petitioner on multiple occasions but could not reach her. The caseworker also testified that petitioner abused controlled substances in a prior abuse and neglect case, making her addiction a known issue. Despite this, the caseworker testified that petitioner had participated in only three drug screens over the course of three months and missed several others. The caseworker further testified that petitioner did not seek drug treatment or request additional services, such as parenting or adult life skills. On cross-examination, petitioner testified that because the case had been pending for a short time, the DHHR was not mandated to seek termination of her parental rights. Petitioner also argued that termination of her rights was inappropriate, given that she appeared at the dispositional hearing, participated in a drug screen before the hearing, and admitted to domestic violence. Petitioner also admitted to struggling with substance abuse and indicated that she would attend a drug treatment program if granted an improvement period.

Based upon the presentation of evidence, the circuit court determined that petitioner is a "constant" drug abuser and used controlled substances in the presence of infant children at home. The circuit court found there was "physical violence perpetrated between the petitioner and [the father] in front of the children." The circuit court further found that "the parents have not done anything of any significance to combat their addiction" and there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the foreseeable future. Accordingly, the circuit court terminated her parental rights to the children.[2] It is from the May 1, 2020, dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner alleges that the circuit court erred in terminating her parental rights without giving her additional time to participate in an improvement period. While petitioner acknowledges that "the decision to grant or deny an improvement period rests in the sound discretion of the circuit court," she argues that she "was in a position to begin the process of remedying the conditions of abuse and neglect as she acknowledged her own problems and deficiencies." Petitioner further asserts that she was only granted three months to make significant changes in her life and additional time could have allowed her to resolve her issues of addiction and domestic violence. In light of this, she argues that she should have been afforded the opportunity to participate in an improvement period. We disagree.

West Virginia Code § 49-4-610(2)(B) provides that the circuit court may grant a parent a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." On appeal, petitioner focuses her argument primarily on the timeframe and "significant burden" associated with substance abuse. However, petitioner failed to participate in any services designed to remedy

---

[2]The father's parental rights to E.H. were also terminated below. The permanency plan for the child is adoption by a foster family. A.K.'s father is deceased. The permanency plan for that child is adoption in her kinship placement.

her substance abuse. In fact, petitioner's only compliance with services throughout the proceedings was submission to three drug screens, two of which were ordered by the circuit court on the days of adjudicatory and dispositional hearings. Despite petitioner's argument that she would have substantially complied with services and corrected the conditions of abuse and neglect, the record shows that she largely failed to participate in services during the proceedings and, thus, failed to satisfy the burden of proof necessary to obtain an improvement period.

Further, "[t]his Court has explained that 'an improvement period in the context of abuse and neglect proceedings is viewed as an opportunity for the miscreant parent to modify his/her behavior so as to correct the conditions of abuse and/or neglect with which he/she has been charged.'" *In re Kaitlyn P.*, 225 W. Va. 123, 126, 690 S.E.2d 131, 134 (2010) (citation omitted). However, the circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Given petitioner's willful refusal to participate in services designed to remedy the conditions of abuse and neglect, it is disingenuous for her to assert that she would have corrected the conditions of abuse and neglect if granted a post-adjudicatory improvement period during the proceedings below. While petitioner did complete an improvement period in a prior abuse and neglect proceeding, her successful completion did not deter her return to substance abuse and endangerment of the children. Petitioner's actions in refusing to participate in drug screenings, attend her hearings, or stay in communication with the DHHR established that improvement was unlikely. As such, we find no error in the circuit court's denial of petitioner's motion for an improvement period.

Finally, petitioner argues that the circuit court erred in terminating her parental rights because there was insufficient evidence to find that there was no reasonable likelihood that the conditions of abuse and neglect could not be corrected in the near future or that termination was necessary for the children's welfare, the two findings required for termination of parental rights under West Virginia Code § 49-4-604(c)(6). We find, however, that the substantial evidence laid out above supports termination, as well. Specifically, petitioner's failure to participate in even the meager requirement of submitting to drug screens establishes that she failed to follow through with or respond to the reasonable family case plan in this matter, which constitutes a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected under West Virginia Code § 49-4-604(d)(3). Additionally, given petitioner's repeated abuse of substances across two abuse and neglect proceedings, it is clear that the children's welfare required termination of her rights. Finally, this Court has held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, it is clear that the circuit court did not err in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court and its May 1, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**:  December 10, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison